**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4167**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHOUNTARIO DEVON WALKER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Fox, Senior District Judge.  (5:12-cr-00298-F-1)

Submitted:  January 30, 2014          Decided:  February 21, 2014

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shountario Devon Walker pled guilty without a plea agreement to possession with intent to distribute fifty grams or more of cocaine (Count One), and distribution of cocaine (Counts Two through Seven). Based on a total offense level of thirty-one and a criminal history category of V, Walker's Guidelines range was 168 to 210 months' imprisonment. Walker objected to the presentence report ("PSR"), challenging the drug amount attributed to him as relevant conduct, arguing that certain amounts came from an unreliable source. The district court overruled the objection and sentenced Walker to 180 months on each count to run concurrently.

Walker's sole claim on appeal is that his sentence is procedurally unreasonable because the district court erred in calculating his Guidelines range, namely, that the court improperly determined drug amounts for relevant conduct purposes. Walker's claim is two-fold: (1) the statement of cooperating witness Costa Pender was incredible and unreliable; and (2) the Government failed to timely produce the identities of the witnesses who participated in the offense conduct as stated in the PSR.

First, Walker contends that the evidence supporting the determination of his offense level was fatally unbelievable and insufficient to carry the Government's burden of proof

because it consisted solely of the uncorroborated hearsay of an unreliable cooperating witness. "[T]he government must prove the drug quantity attributable to a particular defendant by a preponderance of the evidence." United States v. Bell, 667 F.3d 431, 441 (4th Cir. 2011). We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error. United States v. Crawford, 734 F.3d 339, 342 (4th Cir. 2013); see also United States v. Perez, 609 F.3d 609, 612 (4th Cir. 2010) (when assessing a challenge to the district court's application of the Guidelines, this court reviews factual findings for clear error and legal conclusions de novo). Under this standard, we will reverse the district court's finding only if we are "left with the definite and firm conviction that a mistake has been committed." Crawford, 734 F.3d at 342 (internal quotation marks and citation omitted).

When determining facts relevant to sentencing, such as drug quantity, district courts are allowed to "'consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.'" Crawford, 734 at 342 (quoting U.S. Sentencing Guidelines Manual § 6A1.3(a) (2012)). In fact, hearsay alone can provide sufficiently reliable evidence of drug

3

quantity. Crawford, 734 F.3d at 342; see also United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010) ("[A] sentencing court may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy."). Having reviewed the record, we conclude the district court did not clearly err in finding that the Government established drug quantity by a preponderance of the evidence and that the disputed evidence had sufficient indicia of reliability.

Walker also challenges the district court's consideration of the witnesses' statements in the PSR as to drug quantity on the ground that the Government failed to timely disclose the identity of the cooperating witnesses. Because Walker did not object on this basis below, we review this claim for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993). To establish plain error, Walker must show: (1) that an error was made; (2) that the error was plain; and (3) that the error affected his substantial rights. United States v. Carthorne, 726 F.3d 503, 510 (4th Cir. 2013). Walker has not satisfied this standard.

In support of this contention, Walker argues that the district court erred in relying on certain statements by cooperating witnesses that were not provided to him until after

the first draft of the PSR and approximately one month before sentencing. We conclude Walker cannot show plain error as defense counsel was able to fully cross examine the Government's witnesses regarding their interviews with the relevant cooperating witnesses. Therefore, Walker cannot show his substantial rights were affected by any untimely disclosure. See also United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992) ("[A] defendant has no right under the guidelines or the federal rules to receive information about guideline ranges prior to trial.").

Accordingly, we affirm the judgment. We deny Walker's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED